UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::
MARCOS A. MANON, JR.,

                                              Petitioner,

                                v.                                                9:10-CV-1508
                                                                                           (TJM)

WARDEN,

                                              Respondent.
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::
APPEARANCES:                                 OF COUNSEL:

**MARCOS A. MANON, JR.**
Petitioner, *pro se*
No. 17013
Schoharie County Correctional Facility
P.O. Box 689
Schoharie, NY 12157

**THOMAS J. MCAVOY**
**SENIOR UNITED STATES DISTRICT JUDGE**

## DECISION and ORDER

      The Clerk has sent to the Court for review a petition filed, *pro se*, by petitioner Marcos A. Manon, Jr. on December 13, 2010. *See* Dkt. No. 1 ("Petition"). In his petition, Manon requests that this Court issue a stay of his deportation because he was "illegally" ordered to be removed from this country by an immigration judge. *See id*. at p. 1. Manon, who is presently confined at the Schoharie County correctional facility, has not filed an application to proceed with this matter *in forma pauperis*, and has not paid any filing fee along with his petition.

      For the reasons set forth below, this action is dismissed.

      On May 11, 2005, Congress enacted the Real ID Act, which became effective that same day. *See* REAL ID Act of 2005, Pub.L. No. 109-13, § 106(b), 119 Stat. 231 (2005). Section

106(a)(1)(B) of the REAL ID act amended the Immigration and Nationality Act ("INA") by adding, *inter alia*, the following jurisdictional provision:

> (5) Exclusive Means of Review – Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act ....

*See* REAL ID Act, § 106(a)(1)(B)(5).  Under that Act, the "appropriate court of appeals" is "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings."  *See* INA, § 242(b)(2), 8 U.S.C. § 1252(b)(2).  Thus, as the Second Circuit noted in *Gittens v. Menifee*, 428 F.3d 382 (2d Cir. 2005), "[t]he REAL ID Act 'eliminates habeas corpus review of orders of removal.' " *Id.* at 383 (quoting *Marquez-Almanzar v. INS*, 418 F.3d 210, 212 (2d Cir. 2005)).

Since district courts have no jurisdiction to review final orders of removal, they necessarily have no jurisdiction to review requests – such as the application currently before this Court – which seek a stay of deportation.  *See Al-Garidi v. Holder*, No. 09-CV-6160, 2009 WL 1439216, at *1 (W.D.N.Y. May 15, 2009) (collecting cases); *Morillo v. DHS & Bice Detention Center*, No. 9:06-CV-340, 2006 WL 1007645, at *1 (N.D.N.Y., Apr. 17, 2006) (Mordue, C.J.) ("[m]oreover, to the extent that Petitioner is ... seeking a stay of his removal, this Court would also be without jurisdiction to address this request"); *Gumbs v. U.S. Atty. Gen.*, No. 08-CV-580, 2009 WL 385554, at *1 (N.D.N.Y. Feb. 11, 2009) (federal district court "lacks jurisdiction to act upon petitioner's motion challenging and seeking a stay of removal

proceedings") (Mordue, C.J.) (citation omitted).

Since this Court does not have jurisdiction to consider Manon's request to stay his deportation, this Court must dismiss this action.

In addition to seeking an order from this Court staying his removal from this country, Manon has also asserted numerous other claims, many of which bear little relation, if at all, to his request to stay his removal.  For example, in his petition, Manon alleges that:  (i) the actions of former President George H.W. Bush while he was the President of the United States allowed illegal narcotics into the United States, which in turn caused Manon to become addicted to illegal drugs (*see* Petition at pp. 3-5); (ii) such former President is responsible for the spread of AIDS and HIV infections in this country (*id.* at pp. 6-7) and also encouraged Manuel Noriega, the former dictator of Panama, to bring cocaine into the United States (*id.* at p. 9); (iii) a plebiscite should be conducted in the Dominican Republic for purposes of that country joining with Haiti to form one country (*id.* at p. 11); (iv) Assistant United States Attorneys working in the Northern District of New York should be forced to undergo "immigration law" training (*id.* at p. 17); (v) a relative of President Barrack Obama was improperly allowed to become a United States citizen (*id.* at p. 18); (vi) the Manhattan County District Attorney wrongfully caused records relating to Manon to "disappear" (*id*. at p. 23); (vii) the fingerprint identification system utilized by law enforcement agents throughout the country is ineffectual (*id*. at p. 26); (viii) Manon was ordered removed from this country due to his race (*id*. at p. 27); (ix) his conviction in New York County occurred in a "kangaroo court" where he was informed by an unspecified individual that Manon "didn't have the right to anything" (*id*. at pp. 28-30); (x) criminal charges should be brought against certain Assistant United States Attorneys working in the Northern

District as well as the foreman of the Grand Jury that returned an indictment against Manon in this District (*id*. at pp. 31-34; *see also United States v. Manon*, No. 1:10-CR-0008 (LEK) ("10-CR-0008")); (xi) "something fishy" occurred in the matter that resulted in the criminal indictment being returned against Manon in 10-CR-0008 (*see* Petition at p. 37); (xii) members of Immigration and Customs Enforcement as well as the Department of Justice have lied about Manon to unspecified individuals (*id*. at pp. 37-39); and (xiii) Manon's prior deportation from this country was illegal (*id.* at pp. 44-45).

An action is frivolous if it lacks an arguable basis in law or fact – i.e., if it is "based on an indisputably meritless legal theory" or presents "factual contentions [that] are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *see also Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (citing *Neitzke*). As the *Neitzke* noted, the dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327.

The Court finds that the above-referenced claims are frivolous, and therefore, to the extent that they are properly asserted by him in this action, dismisses same with prejudice. *Neitzke*, 490 U.S. at 325, 327; *see also Fitzgerald v. First East Seventh Street Tenants*, 221 F.3d 362, 363-64 (2d Cir. 2000) (federal courts have the "inherent authority" to dismiss frivolous actions); *Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995) (same); *Sullivan v. Chappius*, 711 F.Supp.2d 279, 286 (W.D.N.Y. 2010) (notwithstanding payment of filing fee by plaintiff, court has inherent authority to dismiss frivolous claims where allowing such claims to proceed would "contravene principles of judicial economy, fairness, and sound judgment").

**WHEREFORE**, after having reviewed the petition filed by Manon, together with the

applicable law, for the reasons discussed herein, it is hereby

**ORDERED**, that Manon's habeas petition (Dkt. No. 1) is **DENIED** and **DISMISSED**, and it is further

**ORDERED**, that the Clerk of Court serve a copy of this Decision and Order on Manon by regular mail.

**IT IS SO ORDERED**.

Dated: December 17, 2010

_____
Thomas J. McAvoy
Senior, U.S. District Judge